**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANNIE KIEN H. TRAN,<br><br>        Plaintiff,<br><br>v.<br><br>INDIAN FIELD AT HARDYSTON<br>HOA, INC., *et al.*,<br><br>        Defendants. | Civil Action No. 26-3792 (SDW) (CF)<br><br>**WHEREAS OPINION & ORDER**<br><br>April 10, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Annie Kien H. Tran's ("Plaintiff") Motion for a Temporary Restraining Order (D.E. 2 ("TRO")) pursuant to Federal Rule of Civil Procedure ("Rule") 65 and Local Civil Rule ("Local Rule") 65.1.[1]  For the reasons set forth herein, Plaintiff's Motion for a TRO is **DENIED**; and

**WHEREAS** on April 10, 2026, Plaintiff filed the instant Motion and an accompanying Complaint alleging her home is fraudulently being subject to foreclosure proceedings[2] in violation of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  (D.E. 1 ("Compl.") at 2, 9–

---

[1] It appears to this Court that Plaintiff has failed to comply with Local Rule 65.1's service requirement, notwithstanding that she is familiar with opposing counsel. *See* Local Rule 65.1(c) (instructing that an application for order to show cause "shall provide for service upon the opposing party of the order together with all supporting papers.").

[2] The foreclosure proceeding, *Indian Field at Hardyston HOA Inc. v. Tran*, Docket No. SWC-F-3641-25, is pending before the Superior Court of New Jersey, Chancery Division, Sussex County.  (Compl. at 1.)

10; TRO at 1.)  Plaintiff maintains that the foreclosure is fraudulent because "[o]fficial Morris County government records prove NO LIEN exists on Plaintiff's property."  (TRO at 2); and

**WHEREAS** "[t]he *Colorado River*[3] doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton*, 571 F.3d 299, 307 (3d Cir. 2009).  Whether abstention is appropriate requires a two-part inquiry:  (1) "whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues'"; and (2) if so, "whether 'extraordinary circumstances' meriting abstention are present."  *Id.* at 307–308 (alteration in original) (first quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005), then quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)); and

**WHEREAS** "[i]f the proceedings are parallel, courts then look to a multi-factor test to determine whether 'extraordinary circumstances' meriting abstention are present." *Id.* at 307.  The six factors consist of:

> "(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties."

*Id.* at 308 (alterations in original) (quoting *Spring City*, 193 F.3d at 171); and

**WHEREAS** here, abstention is appropriate given that the instant lawsuit and the foreclosure matter pending in New Jersey state court are parallel proceedings and no extraordinary circumstances meriting abstention are present.  *See King v. Brock & Scott*, PLLC, No. 22-4981, 2023 WL 3626439, at * (D.N.J. May 24, 2023) (concluding *Colorado River* abstention applied given that the state court foreclosure action was commenced in 2020).  Both matters involve the

---

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

same parties and concern the same property; indeed Plaintiff has raised similar complaints before the trial court judge and has even appealed certain orders to the Appellate Division.  (Compl. at 8.)  The Superior Court has already assumed jurisdiction over the property and this dispute is governed by state law.  Lastly, the September 2, 2025 Order attached to Plaintiff's Complaint belies her assertions that her interests and rights are not being adequately protected.  (D.E. 1-1 at 2–3); and

**WHEREAS** Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions.  Generally, a TRO temporarily preserves the status quo, *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020), while a preliminary injunction "grants 'intermediate relief of the same character as that which may be granted finally,'" *Brown v. Tolerico*, No. 16-9413, 2017 WL 838802, at *2 (D.N.J. Mar. 3, 2017) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)).  "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016); and

**WHEREAS** a party seeking a preliminary injunction must first establish (1) a likelihood of success on the merits and (2) that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  Only if the movant establishes these two factors does a court consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons and (4) the public interest. *Reilly*, 858 F.3d at 178–79.  Lastly, the court "determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.  "An injunction is a

drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff fails to demonstrate a likelihood of success on the merits or that she is likely to suffer irreparable harm in the absence of the issuance of a TRO.  Plaintiff has failed to demonstrate a likelihood of success on the merits because her Complaint fails to state a claim upon which relief can be granted.  Plaintiff's Complaint is comprised of conclusory statements and fails to even make out "threadbare recitals of the elements of a cause of action," let alone meet Rule 9(b)'s heightened pleading requirement for allegations of fraud. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); and

**WHEREAS** a plaintiff seeking an injunction has "the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)

4

(quoting *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."). "The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992) (quoting *ECRI*, 809 F.2d at 226). Here, Plaintiff has not shown how she will be irreparably harmed by the sale of a home she does not currently live in. (*See* Compl. at 3 ¶ 4 (indicating Plaintiff is domiciled in New York, New York));

**WHEREAS** given Plaintiff's failure to demonstrate a likelihood of success on the merits or irreparable harm, this Court declines to address the remaining factors necessary for the issuance of a TRO. *See Reilly*, 858 F.3d at 178–79; therefore

**IT IS**, on this 10th day of April 2026,

**ORDERED** that Plaintiff's Motion for a TRO is **DENIED**; and

**ORDERED** that Plaintiff's Complaint is **DISMISSED** on abstention grounds.

**SO ORDERED.**

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Parties
           Cari Fais, U.S.M.J.

5